**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JOHN REED,

Plaintiff-Appellant,

v.

HOME DEPOT, U.S.A., INC.,

Defendant-Appellee.

Civil No. 01-1274 (ADM/AJB)

**MEMORANDUM AND ORDER**

Plaintiff commenced this action by filing a complaint alleging that Defendant violated his rights under various federal employment discrimination laws. Defendant filed a motion seeking to have Plaintiff's claims dismissed on summary judgment, and that motion was granted by this Court's order of August 16, 2002, (Docket No. 25). On September 4, 2002, Plaintiff filed a Notice of Appeal. (Docket No. 28.) He did not tender the $105 filing fee for his appeal, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 27.) That application is now before the Court.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot

FILED SEP
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Plaintiff's IFP application shows that he is currently employed, and that his take-home pay is approximately $1000 per month. Plaintiff also receives more than $1300 per month ($327/week) in disability insurance benefits. Although the IFP application shows that Plaintiff does not own any assets of significant value, and that he has several dependants, there is no indication that Plaintiff has any unusual debts or financial responsibilities.

Based on Plaintiff's current income, as shown by his IFP application, the Court cannot conclude that he is indigent. Plaintiff has not adequately demonstrated that he is unable to pay the $105 filing fee for his appeal from his $2300-per-month income. Because Plaintiff has failed to establish that he is financially eligible for IFP status, his application to proceed IFP on appeal will be DENIED.[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 27), is DENIED.

Dated: September 16, 2002

ANN D. MONTGOMERY
United States District Court Judge

[1] Because Plaintiff has not established his financial eligibility for IFP status, it is unnecessary to determine whether his appeal is taken in good faith. It should be noted, however, that even though the Court remains fully satisfied that Plaintiff's claims were properly dismissed on summary judgment, the Court does not find those claims to be legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken in "good faith" for purposes of Fed. R. App. P. 24(a)(3).