**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

JOHN REED,

Plaintiff,

Civil No. 01-1274 ADM/AJB

v.

**ORDER**

HOME DEPOT USA, INC.,

Defendants,

---

The above matter came before the Court on Plaintiff's Motion to File Second Amended Complaint. [Docket No. 47]. A hearing was held on January 14, 2004, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. John Reed appeared pro se, and Bradley J. Betlach, Esq., appeared on behalf of Defendant Home Depot. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:** Plaintiff's Motion to File Second Amended Complaint is **denied**. [Docket No. 47].

Dated: January 21, 2004

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend should be freely given when justice so requires." However, Reed must first demonstrate under Rule 16(b) that he is entitled to relief from the Court's pretrial scheduling order, which required that

FILED JAN 21 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

any motions to amend be brought before January 15, 2002.

The Pretrial Scheduling Order was entered in this case on September 20, 2001. [Docket No. 5]. Pursuant to the first Pretrial Scheduling Order, "All motions which seek to amend the pleadings or add parties must be served by January 15, 2002." The discovery deadline was July 1, 2002, and the parties have trial ready date of February 1, 2004.

After remand from the Eighth Circuit, this Court entered another Pretrial Scheduling Order on August 28, 2003. [Docket No. 36]. That Order noted that discovery was closed as of July 1, 2002, and the parties advised the Court that no further discovery was necessary. The Order outlined a dispositive motion briefing schedule and did not contemplate further motions to amend the pleadings.

Rule 16(b) requires a showing of good cause before a modification of a scheduling order. "If [the Court] considered only Rule 15(a) without regard to Rule 16(b), [the Court] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." In re: Milk Prods. Antitrust Litig., 195 F.3d 430, 437-438 (8th Cir. 1999).

It is now two years past the deadline for motions to amend the pleadings. Discovery has been closed for a year and a half. Reed has offered no reason for his motion to amend the complaint at this time, let alone a reason that demonstrates "good cause." "When the district court has filed a rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of the time under that order." In re: Milk Products, 195 F.3d at 437. In this case, particularly, allowing an amendment of the pleadings at this time would be a great burden to both parties and to the Court. A new

claim would require the reopening of discovery just weeks before the trial ready date. This is an excessive burden and is "precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a)." In re Milk Products, 195 F.3d at 438.

Reed cites Medical Graphics Corp. v. Hartford Ins. Co., 171 F.R.D. 254 (D.Minn. 1997), in support of his Motion. In Medical Graphics, the defendant was allowed to amend its answer to add two affirmative defenses after the deadline had for doing so. Id. at 263-264. The Court noted that any potential prejudice could be rectified by a "slight extension of the discovery deadline." Id. at 264. The Court modified only the discovery deadline and did not have to alter the deadline for dispositive motions or the trial ready date. Id. This case presents a very different situation. Reed requests this amendment a year and a half past the discovery deadline, following two rounds of dispositive motions and just weeks before the trial ready date. Prejudice to Home Depot could not be remedied here.

AJB