**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

John Reed,

Plaintiff,

v.

Home Depot U.S.A., Inc.,
a Delaware corporation,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1274 ADM/AJB

---

John Reed, pro se, Plaintiff.

Bradley J. Betlach, Esq., and Kari L. Hainey, Esq., Halleland Lewis Nilan Sipkins & Johnson, P.A., Minneapolis, MN appeared for and on behalf of Defendant.

---

## I. INTRODUCTION

Defendant Home Depot U.S.A., Inc.'s ("Home Depot" or "Defendant") Renewed Motion for Summary Judgment [Docket No. 39] was argued before the undersigned United States District Judge on December 12, 2003. Plaintiff John Reed ("Reed" or "Plaintiff") who is African-American, alleges that Home Depot failed to promote him due to racial discrimination and brings claims under Title VII and the Minnesota Human Rights Act ("MHRA"). See 42 U.S.C. § 2000e et seq.; Minn. Stat. § 363A.08. Defendant argues that Plaintiff has not established a prima facie racial discrimination claim and moves for summary judgment. For the reasons explained below, Defendant's Renewed Motion for Summary Judgment is granted and Plaintiff's claims are dismissed.

## II. BACKGROUND

Plaintiff alleges that Home Depot refused to promote him to a department supervisor position

because of his race.[1] He initially asserted both racial and disability discrimination claims against Defendant. In an Order dated August 16, 2002 [Docket No. 25], this Court granted Defendant's Motion for Summary Judgment on all claims. Plaintiff appealed the decision and the Eighth Circuit affirmed the grant of summary judgment on Plaintiff's disability claim. However, the Eighth Circuit reversed on his claim of failure to promote based on race, holding that factual issues existed concerning the promotion of a white employee named Kevin Beer ("Beer"). See Reed v. Home Depot U.S.A., Inc., 72 Fed. Appx. 495, 497 (8th Cir. 2003). In response, Home Depot has supplemented the record with evidence about Beer's promotion, and now renews its summary judgment motion as to Reed's racial discrimination claim.

Plaintiff was employed at Home Depot from April 1997 through May 2001, and worked as a sales associate in the garden and hardware departments. Reed Dep. at 36-39, 158. In biannual employment reviews, Plaintiff consistently received an overall performance rating of three (solid performance) out of a possible five (exceptional performance). Betlach Aff. of 10/30/03 Ex. B. Before joining Home Depot, Plaintiff worked as a cashier, painter and newspaper delivery person, and also held a variety of positions with temporary agencies. Reed Dep. at 11-16. He possesses a GED and an associate degree in liberal arts. Id. at 11.

Home Depot uses a computer-based system called the Job Preference Program ("JPP") to facilitate promotions. All associates must register in JPP and express interest in specific positions within individual departments to be considered for promotions. Id. at 80-87. Home Depot records show that

---

[1] For purposes of the instant Motion, the facts are viewed in the light most favorable to Plaintiff, the nonmoving party See Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

Plaintiff registered in JPP on March 2, 1999, and expressed interest in the position of department supervisor for the hardware department. Id. Ex. 11. He registered again in May 2000, expressing interest in department supervisor positions for building materials, hardware and tool rental departments, and for the position of design coordinator. Id. There were no openings in these positions from October 26, 1999 to July 16, 2000, Plaintiff's final day of active employment.[2] Reed Dep. at 147-48; see also Duffy Aff. of 04/17/02 ¶ 3. Plaintiff did not express interest in the department supervisor position for the lumber department, department number 21, in JPP. See Reed Dep. at 126-27, 129-31 and Ex. 11; see also Duffy Aff. of 09/19/03 Ex. C.

Plaintiff last worked at Home Depot on July 16, 2000. He had scheduled a two-week vacation starting on July 17, 2000, and underwent a discogram that day. Reed Dep. at 145-48. Plaintiff experienced back pain as a result of the discogram, and provided Home Depot with a doctor's note excusing him from working from July 20-24, though he was already on vacation status during this time. Id. at 144-49, Ex. 20. Plaintiff then had back surgery on August 9, 2000, and avers that he talked with a Home Depot sales associate on the phone and explained that he would miss work for several months because of the surgery. While Plaintiff claims to have subsequently spoken with several other sales associates regarding his inability to work, he admits that he never reported his health problems to anyone in management. See id. at 147-58; see also Duffy Aff. of 09/19/03 ¶ 8. Home Depot eventually terminated Plaintiff for job abandonment in May, 2001, having not heard from him for several

[2] Because Plaintiff filed his EEOC charge on October 26, 1999, his failure to promote claims must be based on promotions occurring within the twelve months immediately preceding October 26, 2000. See Minn. Stat. § 363A.28.

months. Reed Dep. at 158-61.

Beer, who started working at Home Depot in March 1999, was promoted to the position of lumber department supervisor in the Brooklyn Park store on August 7, 2000. Duffy Aff. of 09/19/03 Ex. C. This supervisor position became available on July 18, 2000, and as required of all department supervisor positions, consistent attendance was expected. Id. ¶¶ 3-4. Department supervisors manage the day-to-day operations in their respective departments, order supplies and maintain department inventories. They must demonstrate strong customer service and managerial skills, and additionally must meet the physical and emotional requirements for sales associate positions in their departments. Id.; see also id. Ex. A.

Karen Duffy, store manager for the Brooklyn Park Home Depot, was responsible for Beer's promotion, which occurred in August 2000. Id. ¶ 1, Ex. C. In determining which candidates to consider for the promotion, she claims that she first reviewed the JPP listings to see which employees had expressed interest in the position. Duffy then reviewed these employees' records, and decided to interview Lawrence Steels, Aaron Gysbers and Beer, all of whom possessed strong performance reviews. Id. ¶ 4. After interviewing these candidates[3], Duffy claims that she offered the position to Beer based on his education, work experience, interview answers, and performance evaluations. Id. ¶¶ 4-5, Ex. B. Duffy notes specifically that Beer had consistently received fours (effective performance) out of a possible five on job reviews, had obtained a bachelor's and a master's degree, and had previously worked as a retail supervisor. Beer also displayed an assertive, "can-do" attitude, a trait

[3] Beer has asserted that Duffy offered him the department supervisor position of the lumber department without an interview. See Beer Aff. of 08/01/02 ¶ 4.

that Duffy believed was critical to a candidate's success as department supervisor. Id. ¶ 5.

While Duffy states that Plaintiff was a good sales associate, she claims that she did not consider him for a department supervisor position because he lacked the requisite initiative, and had never received an overall performance rating above three. Id. ¶ 7. Additionally and most significantly, Plaintiff never registered an interest in JPP for the department supervisor position in the lumber department, which Duffy considered a prerequisite to being considered for a promotion. See Reed Dep. at 126-27, 129-31, Ex. 11; see also Duffy Aff. of 09/19/03 ¶ 4, Ex. C.

## III. DISCUSSION

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

Home Depot renews its Motion for Summary Judgment and moves to dismiss Reed's failure to promote claim, which is premised upon Beer's promotion. Plaintiff alleges racial discrimination based on Home Depot's failure to promote him to the position of department supervisor. Because there is no

direct evidence of discrimination, the burden shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) applies to Plaintiff's claim. See Marquez v. Bridgestone/Firestone, Inc., 353 F.3d 1037, 1038 (8th Cir. 2004). Under this framework, the plaintiff employee must initially establish a prima facie case of discrimination. Id. This creates a presumption that the employer acted unlawfully. Id. The burden of production then shifts to the employer who must provide legitimate, non-discriminatory reasons for the adverse employment action. If the defendant meets this requirement, the burden returns to the plaintiff to show that the employer's explanation is pretextual. Id. However, the plaintiff cannot necessarily avoid summary judgment at this stage by simply establishing a prima facie case and showing that the employer's purported justification is false. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000). Summary judgment may still be warranted if the evidence reveals some other non-discriminatory reason for the employer's action, or if the plaintiff only creates weak factual issues concerning pretext and additional, uncontroverted evidence shows that there was no discrimination. Id. Plaintiff retains the ultimate burden of persuasion in showing discrimination throughout this analysis. Id. at 143.

To establish a prima facie case of racial discrimination concerning Home Depot's failure to promote him, Reed must prove the following: (1) he is a member of a protected class; (2) he was qualified and applied for a position for which Home Depot was seeking applicants; (3) Home Depot rejected him despite his qualifications; and (4) Home Depot promoted a person with qualifications similar to Plaintiff's, but who is not a member of the protected class. Marzec v. Marsh, 990 F.2d 393, 395-96 (8th Cir. 1993); see Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 258-59 (8th Cir. 1996).

Plaintiff has not articulated a prima facie failure to promote claim concerning the Beer

promotion. First, Plaintiff's allegations, even taken as true, do not support his claim because Plaintiff never applied for Beer's position. See Dotson v. Delta Consol. Indus., Inc., 251 F.3d 780, 781 (8th Cir. 2001) (affirming summary judgment for employer in failure to promote case where plaintiff had not proven he applied for a promotion). Home Depot promoted Beer to the job of department supervisor for the lumber department, but Reed did not express interest in this position in the JPP system and hence did not apply. See Reed Dep. at 126-27, 129-31; Reed Dep. Ex. 11; see also Duffy Aff. of 09/19/03 Ex. C. Second, Reed was not qualified for the promotion that Beer obtained because Reed had effectively stopped working at Home Depot when the job became available, and consistent attendance was required for the position. Reed's final day of active employment was July 16, 2000, but the lumber department supervisor position was not open until July 18, 2000. See Reed Dep. at 147; see also Duffy Aff. of 09/19/03 ¶ 4. Additionally, Reed admits that his back injuries prevented him from meeting the physical demands of a department supervisor following July 16, 2000, illustrating further that he was unqualified. Finally, Reed has not shown that his qualifications were similar to Beer's because Beer had stronger performance reviews, was more educated, and unlike Reed, had previous supervisory experience in retail. Because Plaintiff has not shown that he was qualified for or applied for the promotion, or proven that he was similarly qualified to Beer, he fails to establish a prima facie case. Therefore, Home Depot's Renewed Motion for Summary Judgment is granted.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Renewed Motion for Summary Judgment [Docket No. 39 ] is **GRANTED**,

2. Plaintiff's Complaint [Contained in Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 1, 2004.