UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOHN ANTHONY REED,

Plaintiff,

v.

THE HOME DEPOT USA, INC.,

Defendant.

---

Civil No. 01-1274 (ADM/AJB)

**ORDER**

Plaintiff has filed a notice of appeal in this matter, (Docket No. 53), seeking appellate review of his employment discrimination claims against his former employer. The action was dismissed by this Court's order of March 1, 2004, (Docket No. 52), which granted Defendant's motion for summary judgment. Plaintiff did not tender the $255 appellate court filing fee with his notice of appeal, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 54.) That application is now before the Court.

A litigant who seeks to be excused from paying the $255 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot

be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Plaintiff's IFP application shows that he is presently employed at a part-time job, but he is earning only about $1000 per month. The IFP application also shows that Plaintiff has no other income, that he has no significant assets, and he has four dependent children. Based on these representations concerning his financial affairs, the Court finds that Plaintiff is financially eligible for IFP status.[1]

Although the Court remains satisfied that this action was properly dismissed, the case is not legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken in "good faith" for purposes of Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 54), is GRANTED.

Dated: April 2, 2004

BY THE COURT:

s/Ann D. Montgomery
JUDGE ANN D. MONTGOMERY
U.S. DISTRICT COURT

[1] The Court notes that Plaintiff was denied IFP status in connection with a prior appeal in this matter. (Docket No. 29.) At that time, Plaintiff's IFP application showed that he was receiving some form of disability benefits, as well as income from his employment. Plaintiff's present IFP application includes no reference to any disability benefits, which presumably means he is no longer receiving any such benefits. Based on Plaintiff's present representation that his only source of income is his part-time job, the Court finds that he now is indigent for IFP purposes.